UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESIDENTIAL FUNDING CORPORATION, et al., | No. 2:23-cv-02543-DJC |
| Appellants, | |
| v. | |
| HAL EDWIN BUETTNER, III, et al., | |
| Appellees. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, et al., | No. 2:23-cv-02544-DJC |
| Appellants, | ORDER CONSOLIDATING CASES |
| v. | |
| KEVIN RANDALL KRONE, et al., | |
| Appellees. | |

Appellants have filed motions to consolidate the above captioned cases. (ECF No. 13 in case No. 2:23-cv-02543-DJC and ECF No. 5 in case No. 2:23-cv-02544-DJC.) Both cases are appeals of separate bankruptcy decisions issued in the same consolidated bankruptcy action. Appellees have not opposed consolidation in either matter. The Court GRANTS the Motions to Consolidate as discussed below.

1

Appellants have also filed Motions to Stay pending the Motions to Consolidate in each case. (ECF No. 5 and ECF No. 6, respectively.) These motions are DENIED as Moot. The Court will instead amend the briefing schedules as described below.

Federal Rule of Civil Procedure 42 gives the Court the discretion to consolidate actions before the Court. The district court is granted "broad discretion" in determining whether to consolidate two actions. *Pierce v. Cty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008). Factors that a court can consider "in determining whether to consolidate a case include judicial economy, whether consolidation would expedite resolution of the cases, whether separate cases may yield inconsistent results, and the potential prejudice to a party opposing consolidation." *J.B. v. Tuolumne Cty. Superintendent of Schools*, No. 1:19-cv-00858-LJO-EPG, 2019 WL 13098505, at *2 (E.D. Cal., Oct. 25, 2019).

The factors weigh in favor of consolidation. While the Appellees in each case are different, both actions involve the same conduct by two overlapping Appellants – Ocwen Loan Servicing and PHH Mortgage Corporation – have similar facts, and raise the same issues of law. Appellants have specifically appealed the same legal holdings related to California Code of Civil Procedure section 1717 in both cases. Because the legal issues are the same, the Court would reserve judicial resources and expedite resolution of the matters by avoiding duplicative briefing and argument, and deciding the issues in a single order. No party has indicated that it would be prejudiced by consolidation of the cases. Moreover, these cases were consolidated in the bankruptcy proceedings, further indicating that consolidation is appropriate.

Accordingly, IT IS HEREBY ORDERED that Appellants' Motions to Consolidate (ECF Nos. 13 and 5) are GRANTED as follows:

1. Pursuant to Fed. R. Civ. P. 42, the actions denominated as In Re: Buettner, et al., Case No. 2:23-cv-02543-DJC and Deutsche Bank National Trust Co., et al. v. Krone, et al., Case No. 2:23-cv-02544-DJC, are hereby consolidated;

2. Case No. 2:23-cv-02543-DJC is designated as the "master file;"

3. The Clerk of the Court is DIRECTED to add the Notice of Bankruptcy Appeal (ECF No. 1), the Certificate of Record and Bankruptcy Briefing Schedule (ECF No. 4), and Appellant's Brief (ECF No. 11) from Case No. 2:23-cv-02544-DJC to the master file;

4. The Clerk of the Court is DIRECTED to administratively close Case No. 2:23-cv-02544-DJC; and

5. The parties are DIRECTED to file all future pleadings, motions and other filings ONLY in Case No. 2:23-cv-02543-DJC.

In addition, IT IS HEREBY ORDERED that Appellants' Motions to Stay (ECF Nos. 5 and 6) are DENIED as moot. Appellees are ordered to file a joint opening brief within 30 days of the date of this order. The briefing schedule will otherwise remain in effect.

IT IS SO ORDERED.

Dated:  January 19, 2024

/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE